**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
Petitioner,

v.

NAN PARKS; HERMAN PARKS;
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 98-1881

Petition for Review of an Order
of the Benefits Review Board.
(97-1192)

Argued: March 1, 1999

Decided: December 16, 1999

Before WIDENER and LUTTIG, Circuit Judges, and Richard L.
VOORHEES, United States District Judge for the Western District
of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Melvin Mesnard, SEYFARTH, SHAW, FAIR-
WEATHER & GERALDSON, Washington, D.C., for Petitioner.
Gary Richard West, PATTEN, WORNOM & WATKINS, L.C., New-
port News, Virginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner, Newport News Shipbuilding and Dry Dock Company, challenges the Benefits Review Board's decision upholding the award of benefits to Nan Parks ("Claimant") under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§901-950, following the death of her husband from an asbestosis-related lung cancer. We affirm.

I.

Herman Parks ("Parks") worked in the Joiners and Sheet Metal Departments of Newport News Shipbuilding and Dry Dock Company ("Newport News") from 1942-1945 and from 1961-1979 where he was exposed to asbestos. For thirty-five years, Parks also smoked cigarettes. As early as the 1960's, Parks experienced breathing difficulties, which were diagnosed over the years as bronchial congestion, emphysema, and other pulmonary illnesses.

Parks retired in 1979 on non-occupational induced disability following a diagnosis of moderately severe chronic obstructive lung disease. In February, 1988, Parks was diagnosed with lung cancer and subsequently died December 5, 1988.

Nan Parks, Herman Parks' widow, brought this claim under the Longshore Harbor Workers' Compensation Act ("LHWCA") alleging that her husband's lung cancer was caused in part by asbestos exposure at Newport News. Following the first hearing, the administrative law judge ("ALJ") found the causation evidence equal on both sides and awarded benefits to Claimant based on the "true doubt rule." In 1993, the Benefits Review Board affirmed the decision. While the case was on appeal to this Court, the United States Supreme Court struck down the "true doubt rule" as violative of the Administrative

2

Procedure Act which places the burden of proof on the proponent of the claim. See Director, Office of Workers' Compensation Programs v. Greenwich Collieries, 512 U.S. 267 (1994). In light of that ruling, this Court remanded the case for reconsideration including the presentation of additional evidence.

On remand, the ALJ denied benefits to Claimant, concluding that he was unable to discern the applicable standard for a diagnosis of asbestosis and that no evidence existed to support the proposition that Parks' exposure to asbestos led to his fatal lung cancer. Joint Appendix at 61. Claimant filed a motion to reconsider. Upon reconsideration, the ALJ reversed his decision and awarded benefits, finding that Parks did have asbestosis and that this asbestosis did contribute to the production of an ultimately fatal lung cancer. Joint Appendix at 68. Newport News made a motion for reconsideration which was denied. On appeal, the Benefits Review Board affirmed the ALJ's ruling and this appeal ensued. For the reasons that follow, we affirm.

II.

This Court reviews the Benefits Review Board's decision affirming the ALJ's decision to determine if the ALJ's findings are supported by substantial evidence in the record as a whole, are rational, and are in accordance with the law. See 33 U.S.C. §921(b)(3) (1986); Gilchrist v. Newport News Shipbuilding & Dry Dock Co., 135 F.3d 915, 918 (4th Cir. 1998)(citations omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales , 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB , 305 U.S. 197, 229 (1938)). This Court defers to the ALJ's credibility determinations and inferences if supported by substantial evidence even if more reasonable conclusions might be drawn. Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 543 (4th Cir. 1988); Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs, 681 F.2d 938, 941 (4th Cir. 1982).

III.

Newport News takes issue with the ALJ's finding that Parks died of an asbestos-related lung cancer when there was no evidence Parks

3

had diffuse interstitial fibrosis indicative of asbestosis. In furtherance of its position that Parks' lung cancer was attributable to cigarette smoking instead of asbestos exposure, Newport News relies heavily on the written reports and testimony of Dr. Craighead, the former chairman of the committee established by the College of American Pathologists/National Institute of Occupational Safety and Health ("CAP/NIOSH") to formulate criteria for the pathologic diagnosis of asbestosis. These criteria were used by all parties as well as the ALJ as the standard for asbestosis diagnosis.

Dr. Craighead testified that Parks did not have diffuse interstitial fibrosis indicative of asbestosis because Parks did not have two or more asbestos bodies located in, or adjacent to, the diffuse fibrosis as required by the CAP/NIOSH criteria. He also testified that estimates of fiber counts, such as those given by Claimant's experts, Drs. Roggli and Maddox, are not the equivalent of a pathological asbestosis diagnosis in establishing causation. Since Parks did not have asbestosis, Dr. Craighead testified, his lung cancer was not asbestos-related. Based on this testimony and similar evidence by other experts in the field including other members of the CAP/NIOSH committee, Newport News contends that the ALJ erred in finding that Claimant had asbestosis. Without a diagnosis of asbestosis, Parks' lung cancer could not be asbestos-related.

The record, however, contains substantial evidence to support the ALJ's contrary conclusion. Claimant offered the testimony of Dr. Victor Roggli and Dr. John Maddox, who both agreed that Parks had asbestosis under the generally accepted CAP/NIOSH criteria and thus had asbestos-related lung cancer. In addition, Drs. Roggli and Maddox testified that they also employed the use of an experimental technique known as asbestos fiber counting to determine the quantity of asbestos fibers and asbestos bodies in Parks' lungs. Finding the concentration of asbestos fibers in Parks' lungs to be high, Drs. Roggli and Maddox concluded that a causal connection existed between Parks' asbestos exposure and his lung cancer.

Newport News asserts that the ALJ should not have credited the opinions of Drs. Roggli and Maddox because they improperly applied the CAP/NIOSH criteria by not requiring the asbestos bodies to be located in or near the fibrosis. Further, Newport News disparages any

4

use of asbestos fiber counting due to its experimental nature. In his decision, however, the ALJ thoroughly discussed the reasons for crediting the opinions of Dr. Roggli and Dr. Maddox over the opinion of Dr. Craighead. The ALJ also acknowledged that asbestos fiber counting was experimental, but noted that Drs. Roggli and Maddox used it only to confirm their existing pathological diagnosis of asbestosis.

Claimant also offered three identical affidavits signed by Dr. Phillip Pratt, Dr. Jerome Kleinerman, and Dr. Harold Aberman, members of the CAP/NIOSH Committee that Dr. Craighead chaired. In the affidavits, the doctors stated that the criteria for diagnosis of asbestosis do not require that the asbestos bodies be embedded within the fibrous tissue. Newport News asserts that these affidavits should not have been credited by the ALJ because they were written by an attorney rather than the individual physicians and that they do not address the issue of whether asbestos bodies have to be near the fibrosis. While Newport News is correct in its assessment of the affidavits' content, it fails to note that these affidavits were introduced as evidence of the difference in opinion among members of the CAP/NIOSH committee as to the interpretation of the criteria and not as dispositive opinions on the ultimate issue. These affidavits, as noted by the ALJ in his decision, were given little weight. Joint Appendix at 66.

Claimant also introduced two narrative reports contradicting Dr. Craighead's testimony from renowned pathologists Dr. Robert Fechner and Dr. William Frable. These reports buttressed the opinions of Drs. Roggli and Maddox regarding their interpretation of CAP/NIOSH criteria and the validity of asbestos fiber counting.

Based on this record, therefore, we find substantial evidence for the ALJ's decision to credit the opinion of Drs. Roggli and Maddox that Claimant had asbestosis leading to a fatal lung cancer.

Next, Newport News vehemently objects that the ALJ credited the opinions of certain physicians who were not members of the CAP/NIOSH committee over the opinions of physicians who were members. This argument is meritless. Membership on the CAP/NIOSH committee is but one factor that the ALJ properly considered in determining which physician opinions to credit. A physi-

5

cian's mere membership on this committee, however, does not necessarily elevate his or her opinion on the criteria for the diagnosis of asbestosis over that of any other physician. We give due deference to the ALJ's credibility assessments based on the testimony given and the evidence presented. Tann, 841 F.2d at 543; see also National Labor Relations Board v. Air Products and Chemicals, Inc., 717 F.2d 141, 145 (4th Cir. 1983).

Finally, Newport News attacks the ALJ's decision for a purported failure to comply with the Administrative Procedures Act. It asserts that the ALJ failed to explain adequately his reason for acceptance or rejection of all probative evidence and argues that his opinion contains unexplained inconsistencies and plain mistakes. Although the ALJ's decision granting the motion for reconsideration and granting benefits is not as extensive as the original decision, we find that it adequately explains the acceptance or rejection of all probative evidence as required. See v. Washington Metropolitan Area Transit Authority, 36 F.3d 375, 384 (4th Cir. 1994). As for Newport News' allegation that the ALJ's decision was replete with inconsistencies and mistakes, we find this argument likewise to be unfounded and lacking in merit.

IV.

We find that the ALJ's findings were supported by substantial evidence in the record as a whole and were rational and in accordance with the law. Accordingly we affirm the Benefits Review Board's order affirming the ALJ's decision.

AFFIRMED